IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-00958-S (BT) |
| | § | |
| FNU LNU, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Deondray Raymond Mason filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated, the Court should dismiss this petition under Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.

1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Mason has failed to comply with a court to pay the filing fee or file a motion for leave to proceed *in forma pauperis* in this case.

At the time Mason initiated this habeas action on April 29, 2022, he did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* in this case. Accordingly, on May 2, the Court mailed Mason an Order and Notice of Deficiency informing him that he had not paid the filing fee or filed a proper request to proceed *in forma pauperis*. The Court informed him that failure to cure this deficiency by June 2, 2022, could result in a recommendation that his petition be dismissed. Mason failed to respond, and the time for doing so has passed. He has failed to obey a court order and failed to prosecute this case. Therefore, Mason's case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Court should DISMISS Mason's petition without prejudice under Rule 41(b).

**SO RECOMMENDED.**

June 3, 2022.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).